IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| HOWARD HAMMONDS, | : | |
| Plaintiff | : | |
| VS. | : | |
| Sheriff ASHLEY PAULK and LOWNDES CO. BOARD OF COMMISSIONERS | : | NO. 7:08-CV-162 (WLS) |
| Defendants | : | **RECOMMENDATION** |

Plaintiff **HOWARD HAMMONDS** has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be

1

granted under any set of facts that could be proved consistent with the allegations,'... without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting ***Hishon* v. *King & Spalding***, 467 U.S. 69, 73 (1984)).

### *B. General Requirements of 42 U.S.C. § 1983*

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. ***See Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id.***

## II. BACKGROUND

Plaintiff makes numerous allegations concerning alleged unconstitutional conditions of confinement in the Lowndes County Jail. Plaintiff's generalized allegations include: (1) overcrowding; (2) insect infestation; (3) broken showers and toilets; (4) contaminated drinking water that causes frequent stomach issues; (5) cold meals, which lack nutrients and contain inadequate portions of the same are inadequate; (6) contaminated food trays; (7) insufficient medical staff; (8) out of date law library; (9) limited recreation time; (10) poor ventilation; and (11) denial of visitation with children.

Plaintiff also alleges he was not provided with proper medical care for his head injuries after he was "jumped" by three other inmates. According to plaintiff, Nurse White (not named as a defendant) merely took plaintiff's blood pressure and temperature and told plaintiff "he would live."

Plaintiff names as defendants Sheriff Ashley Paulk and Lowndes County Board of Commissioners.

Plaintiff files this action seeking $250,000 in damages.

## III. DISCUSSION

### A. *Lowndes County Board of Commissioners*

It is unclear why plaintiff has named the Lowndes County Board of Commissioners as defendants. The Court can only presume plaintiff believes that the Commissioners have control over the Lowndes County Jail. Any claims that plaintiff seeks to make against the Lowndes County Commissioners (although he actually makes no direct claims in the body of his complaint) must be construed as claims against Lowndes County. To establish municipal liability, plaintiff is required to show that Lowndes County has a policy or custom of violating the constitutional rights of individuals and that the policy or custom is the moving force behind the constitutional violation he alleges. ***Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***Church v. City of Huntsville***, 30 F.3d 1332, 1343 (11th Cir. 1994). He must also show a direct causal link between the alleged policy and the constitutional deprivations. ***City of Canton, Ohio v. Harris***, 489 U.S. 387 (1989). Plaintiff has not alleged any such elements. In addition, plaintiff has not alleged that any members of the Lowndes County Commission had actual knowledge of any of the wrongs alleged by plaintiff.

In light of the above, it is **RECOMMENDED** that the claims against the Lowndes County Board of Commissioners be **DISMISSED** and that they be terminated as defendants. Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the

District Judge to whom this case is assigned within ten (10) days after being served with a copy of this order.

### B. *Sheriff Ashley Paulk*

While plaintiff has not alleged specific facts which connect this defendant to his claims, as Sheriff of Lowndes County, Paulk presumably is charged with control over the Lowndes County Jail. Therefore, the Court will, by separate order, allow plaintiff's claim against Sheriff Ashley Paulk to go forward.

**SO RECOMMENDED**, this 9th day of February, 2009.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE